UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                          Plaintiff,

                                                                                    Case #12-CR-6109-FPG

v.

                                                                                      DECISION & ORDER

RONALD CLEVELAND,

                          Defendant.
_____

By text order dated August 13, 2012, this case was referred to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. #2. Count 1 of the indictment in this case alleges that Defendant Ronald Cleveland conspired to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846, and count 2 alleges that he possessed firearms in furtherance of conspiracy alleged in count 1, in violation of 18 U.S.C. § 924(c). Dkt. #1.

Defendant has moved to suppress statements he made on May 24, 2012, as well as photographic identification procedures that were conducted on June 1, 2011 and December 22, 2011. Dkt. ##29, 42. Magistrate Judge Payson held a suppression hearing on April 29, 2013 where the government called Rochester Police Department Investigators Jennifer Morales and Murry Hooper. Defendant did not present any witnesses. Dkt. #39. On September 3, 2013, Magistrate Judge Payson issued her Report and Recommendation (Dkt. #58), which recommends the denial of Defendant's suppression motions. No objections have been filed to the Report and Recommendation, and the time to do so has now expired.

In reviewing a Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C). Since no objections were filed, this Court is not required to conduct a *de novo* review of Magistrate Judge Payson's Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."). Magistrate Judge Payson also reminded the parties of Fed. R. Crim. P. 59(a), stating that **"Failure to file objections within the specified time or to request and extension of such time waives the right to appeal the District Court's Order."** Dkt. #58. (Emphasis in original).

Since no objections have been filed, this Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Marian W. Payson (Dkt. #58) in its entirety, and Defendant's motions to suppress (Dkt. ##29, 42) are denied in all respects[1].

IT IS SO ORDERED.

DATED: Rochester, New York
December 9, 2013

_____
HON. FRANK P. GERACI, JR.
United States District Judge

---

[1] Having reviewed all of the submissions in this case to date, including the transcript of the suppression hearing, the Court would still adopt Magistrate Judge Payson's Report and Recommendation in its entirety if a *de novo* review were required.

2