UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RONALD CLEVELAND,

            Petitioner,

            v.

UNITED STATES OF AMERICA,

            Respondent.

_____

12-CR-6109-FPG
16-CV-6795-FPG

DECISION AND ORDER

*Pro se* Petitioner Ronald Cleveland filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 that challenges his conviction and sentence in this Court. ECF No. 96. For the reasons set forth below, the Motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

**I.    Plea Agreement and Colloquy**

Petitioner was charged in a two-count Indictment with conspiracy to possess with intent to distribute and to distribute 500 hundred or more grams of a mixture and substance containing cocaine, in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. §§ 924(c)(1) and (2). ECF No. 1.

On May 5, 2014, Petitioner appeared before the Court pursuant to a written Plea Agreement (ECF No. 79) and entered a guilty plea to Count I of the Indictment, conspiracy to possess with intent to distribute and to distribute 500 grams of cocaine. ECF No. 100-1 at 1-12 (Transcript of May 5, 2014 Plea Colloquy). The Government agreed to move to dismiss Count II of the Indictment.

In the Plea Agreement, the parties agreed that a two-level increase pursuant to the United States Sentencing Guidelines § 2D1.1(b)(1) (possession of a dangerous weapon), and a two-level

increase pursuant to Guidelines § 3C1.1 (obstruction of justice), applied to Petitioner's base offense level of 28. The sentencing range pursuant to the Guidelines was agreed to be between 121 and 151 months, and the Plea Agreement provided that upon entry of the guilty plea, the Government would file an information, pursuant to 21 U.S.C. § 851, alleging Petitioner's prior drug felony conviction as the basis for imposing the enhanced penalty provided for in 21 U.S.C. § 841(b)(1)(B), and that Petitioner admits to a prior drug conviction. ECF No. 79 at 2-5. The Plea Agreement also contained an express waiver of Petitioner's rights to appeal and collaterally attack the sentence the Court imposed if it fell within the sentencing range set forth the Plea Agreement. *Id.* at 10.

After an extensive plea colloquy, the Plea Agreement was signed and entered in open court. ECF No. 100-1 at 14-44. The Court confirmed that Petitioner was of sound mind and was not coerced into entering the guilty plea. ECF No. 100-1 at 15-17. The Court reviewed and confirmed that Petitioner understood the substance of the charge he was pleading guilty to, that the charge carried a mandatory minimum of 10 years imprisonment and a maximum term of life, and that the Government would file an Information alleging that Petitioner was previously convicted of a drug felony and that Petitioner admitted that he was convicted of a prior drug felony. *Id.* at 18-24. The Court also asked whether Petitioner was satisfied with the representation of counsel. Petitioner indicated he was satisfied with his counsel, who had represented him throughout the "[m]ajority of [the proceedings]." *Id.* at 18.

The Court then discussed and reviewed the Guidelines with Petitioner. Petitioner confirmed that he understood and agreed with each of the two-level increases to his base offense level for possession of a dangerous weapon and obstruction of justice. Petitioner asked questions related to the obstruction of justice enhancement but, after additional questioning from the Court,

Petitioner confirmed that he understood there was a two-level increase for obstruction of justice. *Id.* at 24-29.

The Court also confirmed that Petitioner understood that he was waiving his right to appeal or attack any component of the sentence the Court imposed. *Id.* at 32. Petitioner then executed the Plea Agreement in the Court's presence. The Court read the charge set forth in Count I of the Indictment and Petitioner entered his guilty plea to the charge. The Court summarized the proceedings and stated that Petitioner indicated that no one threatened or coerced him into pleading guilty, that he reviewed the Plea Agreement with his counsel before the plea colloquy and asked his counsel and the Court questions regarding the plea—questions "that were all intelligent"—and that he acknowledged that he understood the elements of the particular offense and the Guidelines calculations, including the adjusted offense level. *Id.* at 38-40. Accordingly, the Court found that the plea "was in all respects knowing and voluntary" and accepted Petitioner's plea. *Id.* at 39-40.

## II. Sentence

The Court sentenced Petitioner to 125 months imprisonment and eight years of supervised release. ECF No. 86 (Judgment); ECF No. 100-1 at 47-66. The parties discussed the differing sentencing range set forth in the Presentence Report as a result of the changes in the Guidelines. These changes reduced the sentencing range from 121 to 151 months to 120 to 125 months. ECF No. 100-1 at 53-57. The Court advised Petitioner of his right to appeal, but noted that because his sentence was within the sentencing range set forth in the Plea Agreement, he waived his right to appeal the sentence. ECF 100-1 at 63.

## III. Appeal

Petitioner timely filed a Notice of Appeal (ECF No. 87) and argued that his counsel was ineffective for agreeing to the two-level obstruction of justice enhancement and that the Court erred in adopting the enhancement. The United States Court of Appeals for the Second Circuit dismissed the appeal in a Summary Order. Because Petitioner claimed ineffective assistance of counsel that rendered the appeal waiver unenforceable, the Court would not consider the claim on direct appeal because the record did "not contain information necessary to resolve [Petitioner's] claim that his counsel was ineffective in failing to seek to reserve his right to appeal the district court's imposition of the obstruction-of-justice enhancement." ECF No. 92 (Mandate). Petitioner's ineffective assistance of counsel claim was therefore dismissed without prejudice so Petitioner could reassert the claim in a petition for a writ of habeas corpus "if he demonstrates that his appeal waiver should be nullified because he received ineffective assistance." *Id.*

## IV. Motion to Vacate

Petitioner's *pro se* Motion raises two confusing and ill-defined grounds for relief. He states:

> (1) [I] was represented by [three] different lawyer[s] with no true knowledge or know how to represent me at trial. Never possessed any narcotics or possession of a (dangerous weapon) in conspiracy. Didn't receive my 125 days from May 24, 2012 to June 24, 2013 for original arrest. Received [four] level enhancement for having a suppression hearing. Illegal sentence [;] and

> (2) "[I] should not be charged with pleading guilty to a dangerous weapon [Guidelines §§] 2D1.1 (a) (5) and 2D1.1(c) (6) [,] 21 U.S.C. [§] 846, 21 U.S.C. [§] 841(a) (1), 21 U.S.C. [§] 841(b)(1)(B) and 21 U.S.C. [§] 851. [I] was not advised my charge for possession of attempted narcotics on [April 9,] 1989 in the fourth was past 15 year Guidelines Enhancement. Time is excessive and cruel.

ECF No. 96 at 4-5. The Motion sets forth nothing further in support of Petitioner's claims.

The Government contends that Petitioner waived his right to collaterally attack his sentence and that, even if the Court construes the Motion to Vacate as raising an ineffective assistance of counsel claim with respect to the Plea Agreement and guilty plea, it is meritless and the collateral attack waiver should be enforced. ECF No. 100.

## DISCUSSION

**I.     Section 2255**

Section 2255(a) provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Accordingly, collateral relief is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokum*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotations and citation omitted)). A court may dismiss a Section 2255 motion without a hearing if the motion and the record conclusively show that the movant is not entitled to relief. *See, e.g.*, *Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001) (district court not required to hold hearing before deciding Section 2255 motion based on ineffective assistance of counsel claim alleging that counsel prevented petitioner from testifying, where petitioner made only general allegations and record contained affidavit from counsel explaining why petitioner did not testify). A hearing is warranted only where the movant establishes that his claim is plausible. *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009).

**II.     Waiver of Right to Seek Collateral Relief**

As addressed above, the Plea Agreement contained a provision whereby Petitioner agreed to waive his right to appeal and seek collateral review of his sentence if the sentence imposed was within the range set forth in the Plea Agreement. Because Petitioner's 125-month sentence was within the range set forth in the Plea Agreement, the Court must first consider whether the waiver is enforceable and whether the waiver precludes this Section 2255 Motion.

A defendant may waive his right to collaterally attack the sentence in his plea agreement if he waives such right knowingly and voluntarily. *See United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004); *see also Chen v. United States*, Nos. 11 Cr. 1038 (JFK), 14 Civ. 4987 (JFK), 2017 WL 4326529, at *4 (S.D.N.Y. Sept. 28, 2017) ("Generally, a defendant who knowingly and voluntarily waives the right to appeal, in exchange for the benefit of a plea agreement, may not challenge the sentence imposed within the stipulated Guidelines range.") (citing *United States v. Salcido-Contereras*, 900 F.2d 51, 53 (2d Cir. 1993)). Accordingly, "a defendant's knowing and voluntary waiver of his right to [collaterally attack] a conviction and sentence within an agreed upon guideline range is enforceable." *United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) (citing *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam)); *see also Chen*, 2017 WL 4326529, at *4.

"Claims of ineffective assistance of counsel can survive § 2255 waivers, but only when the claim relates to the negotiation and entry of a plea or sentencing agreement." *United States v. Cano*, 494 F. Supp. 2d 243, 248 (S.D.N.Y. 2007). Thus, although a plea agreement's waiver of collateral review would ordinarily preclude a Section 2255 motion, a defendant "who has not received reasonable effective assistance from counsel in deciding to plead guilty cannot be bound by that plea." *United States v. Couto*, 311 F.3d 179, 187 (2d Cir. 2002) (internal quotations and

citation omitted). While Petitioner's grounds for relief are confusing, the Court construes his arguments liberally as alleging an ineffective assistance of counsel claim. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("[T]he pleadings of a *pro se* plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they could suggest.'") (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see also Negroni v. United States*, No. 3:16-cv-908 (SRU), 2017 WL 3300529, at *4 (D. Conn. Aug. 2, 2017 (*pro se* petitioner can overcome an otherwise valid appeal waiver by raising an ineffective assistance of counsel claim in relation to the advice he obtained in the process of agreeing to plead guilty). Accordingly, the Court must first determine whether Petitioner received ineffective assistance of counsel with respect to entering into the Plea Agreement, specifically whether Petitioner's counsel was constitutionally ineffective with respect to the two-level enhancement for possession of a dangerous weapon.

An ineffective assistance of counsel claim is analyzed under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). A petitioner must show that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) that "the deficient performance prejudiced the defense." *Id.* at 687-88. To establish the performance prong, the petitioner must show that his counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690. In the context of a guilty plea, a defendant must demonstrate that "counsel's deficient performance undermine[d] the voluntary and intelligent nature of defendant's decision to plead guilty." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (citing *Couto*, 311 F.3d at 187; and *North Carolina v. Alford,* 400 U.S. 25, 31 (1970) (holding that the standard for evaluating the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant")).

7

With respect to the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. With respect to ineffective assistance of counsel claims that relate to a decision to enter into a plea agreement, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner's claims, even when construed as liberally as possible, fail to establish either *Strickland* prong. Petitioner alleges only that he had three different lawyers and that they did not know how to represent him at trial. He generally refers to the two two-level enhancements for possession of a dangerous weapon and obstruction of justice, and to 21 U.S.C. § 851, which the Court construes as relating to the prior state drug felony subjecting him to enhanced penalties.

First, there are no allegations to support a claim that Petitioner's counsel was objectively unreasonable in negotiating the Plea Agreement. During the plea colloquy, Petitioner confirmed, as set forth in the Plea Agreement, that he understood that the Government would file an Information pursuant to 21 U.S.C. § 851 based upon his prior drug conviction and that said conviction subjected him to increased penalties under the Guidelines. ECF No. 79 at 3; ECF No. 100-1 at 18-24. Petitioner also agreed to and confirmed at the plea colloquy, despite some questions related to the obstruction of justice enhancement, that he understood that he would receive two two-level enhancements pursuant to Guidelines § 2D1.1(b)(1) (possession of dangerous weapon) and § 3C1.1 (obstruction of justice). ECF No. 79 at 4-5; ECF No. 100-1 at 24-29. Petitioner's conclusory ineffective assistance of counsel claims do not demonstrate that his counsel's performance was deficient and, therefore, his claims must fail.

Second, even if Petitioner had shown that his counsel's performance was deficient under *Strickland*, there is no evidence and Petitioner does not argue that there is a "reasonable probability" that but for his counsel's alleged errors he would not have pleaded guilty and would have insisted on proceeding to trial. *Hill*, 474 U.S. at 59. Petitioner failed to establish ineffective assistance of counsel in relation to counsel's advice in accepting the Plea Agreement and pleading guilty.

Because the Court sentenced Petitioner within the parameters set forth in the Plea Agreement and because the record demonstrates that Petitioner received effective assistance of counsel with respect to the Plea Agreement and his decision to plead guilty, both of which were knowing, voluntary, and intelligent, the Plea Agreement's waiver of his right to seek collateral relief is enforceable and the Section 2255 Motion, to the extent it seeks to vacate his sentence, is denied.

## III. Claim Related to Receiving Credit for Time Served

As noted, Petitioner's claims are ill-defined and poorly stated. In the first ground for relief, Petitioner states that he did not receive "125 days from May 24, 2012 to June 24, 2013 original arrest[.]" ECF No. 96 at 4. The Court construes this statement as a claim that Petitioner did not receive credit for time served. The Court does not have jurisdiction to review this claim, however, because once a federal defendant is sentenced, only the United States Bureau of Prisons has authority related to the execution of defendant's sentence. *See* 18 U.S.C. § 3585(b). The United States Supreme Court has held that "it is the Attorney General," and not the district court, "who computes the amount of the credit after the defendant begins his sentence." *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *see also United States v. Garcia*, 665 F. App'x 62, 64-65 (2d Cir. 2016) ("It is . . . the BOP, and not the district court, that is vested with authority to decide whether

to credit time [the defendant] served in state prison toward his federal sentence.") (citing *Wilson*, 503 U.S. at 333)).

Moreover, even if Petitioner exhausted his administrative remedies with respect to the computation of his credits, *see* 28 C.F.R. §§ 542.10-542.16 (1990), the Court would not have jurisdiction over Petitioner's claim because it relates to the execution of a sentence and not the imposition of a sentence. Judicial review of such a claim must be brought in the district where defendant is confined, not in the district where he was sentenced. *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *see also Burgos v. Bly*, No. 9:14-CV-0385 (GLS/RFT), 2014 WL 1451622, at *2 (N.D.N.Y. Apr. 14, 2014) ("[P]etitioner may use a section 2241 petition to challenge a federal official's computation of a sentence . . . . and petitions filed under section 2241 must name the petitioner's warden as respondent and filed in the district court of petitioner's confinement.") (citations omitted). Petitioner is incarcerated at the Jesup Federal Correctional Institution in Jesup, Georgia, which is located in the Southern District of Georgia, Brunswick Division.

Accordingly, to the extent Petitioner seeks to have this Court credit his prison sentence with time served previous to his sentence, this Court lacks jurisdiction to do so.

## **CONCLUSION**

For the reasons stated, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is DENIED. An evidentiary hearing is unnecessary because the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court declines to issue a certificate of appealability because Petitioner failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this Order would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438 (1962), and that leave to appeal *in forma pauperis* is denied.

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of this Order. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with Federal Rule of Appellate Procedure 24.

The Clerk of Court is directed to close Case # 16-CV-6795-FPG.

IT IS SO ORDERED.

Dated: April 4, 2018
 Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court