UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

RONALD CLEVELAND,

                Defendant.

Case # 12-CR-6109-FPG

ORDER

On May 22, 2020, Defendant Ronald Cleveland, acting *pro se*, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic. ECF No. 103. Defendant's request is DENIED WITHOUT PREJUDICE.

Generally, "[a] district court may not . . . modify a term of imprisonment once it has been imposed." *Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007). One exception to this rule is that a district court may modify a sentence if it finds that (1) "extraordinary and compelling reasons warrant [the] reduction" and (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). If these elements are satisfied, the district court must consider the factors set forth in Section 3553(a)—the same factors that courts consider when initially imposing sentences. *Id.* §§ 3553(a), 3582(c)(1)(A).

Although the Director of the Bureau of Prisons ("BOP") may file a motion seeking such relief at will, a prisoner may only file such a motion where either (1) he or she has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" (the "exhaustion requirement"); or (2) thirty days have elapsed since the warden of the prisoner's facility received such a request (the "thirty-day backstop"). *Id.* § 3582(c)(1)(A); *see also United States v. Montanez*, No. 15-CR-122, 2020 WL 2183093, at *2–11 (W.D.N.Y. May 5, 2020).

Thus, the Court may not consider Defendant's request in the first instance; he must first satisfy either the exhaustion requirement or the thirty-day backstop prior to seeking such relief.

Although some courts have excused compliance with Section 3582(c)(1)(A)'s exhaustion requirement, this Court remains unpersuaded that it has such authority for the reasons discussed in further detail in *Montanez*, 2020 WL 2183093, at *2–11. Here, Defendant simply claims that he "exhausted all [his] administrative remedies with the prison." ECF No. 103. He does not indicate, let alone provide any evidence, that he applied to the BOP, when he applied, and whether his request was denied. Accordingly, the Court is not satisfied that Defendant has not shown compliance with either the exhaustion requirement or the thirty-day backstop. *See United States v. Grimes*, No. 18-CR-6101 CJS, 2020 WL 2098106, at *1 (W.D.N.Y. May 1, 2020) (denying motion for compassionate release where defendant submitted insufficient evidence to establish that he had complied with exhaustion requirements).

For these reasons, Defendant's motion for compassionate release, ECF No. 103, is DENIED WITHOUT PREJUDICE. Defendant is free to refile his motion once he has satisfied either the exhaustion requirement or the thirty-day backstop.

IT IS SO ORDERED.

Dated: May 26, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court